FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 1 5 2008

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| THOMAS E. ARRINGTON, <br><br> Plaintiff, <br><br> v. <br><br> CHRLES BENNETT, <br><br> Defendant(s). | No. CV 06-6145-VBF (AGR) <br><br> ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's Report and Recommendation. The Court agrees with the recommendation of the magistrate judge.

IT IS ORDERED that Judgment be entered dismissing the action without prejudice for failure to prosecute.

DATED: 4/11-08

VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| THOMAS E. ARRINGTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES BENNETT,<br><br>　　　　Defendant. | No. CV 06-6145-VBF (AGR)<br><br>REPORT AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE JUDGE |

The Court submits this Report and Recommendation to the Honorable Valerie Baker Fairbank, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends that this action be dismissed without prejudice for failure to prosecute.

///
///
///
///
///
///
///

## I.

## PROCEDURAL BACKGROUND

On October 10, 2006, Thomas E. Arrington ("Plaintiff"), proceeding pro se and in forma pauperis, filed a civil rights complaint. The defendant is Charles Bennett.

In accordance with the Prison Litigation Reform Act of 1995 ("PLRA"), the Court screened the complaint before ordering service to determine whether the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). On October 24, 2006, based on its screening, the Court dismissed the complaint with leave to amend. As the Court explained in its Order, the only claims not barred were those of excessive force.

On November 17, 2006, Plaintiff filed a First Amended Complaint in which he claimed that his rights were violated by the excessive force of Defendant Charles Bennett, a Los Angeles Police Department officer. Plaintiff characterized this claim as violating his Eighth Amendment and Fourteenth Amendment rights. Plaintiff requested monetary damages.

On February 23, 2007, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), seeking to dismiss the complaint because for failure to state a claim, and because Defendant is entitled to qualified immunity and Plaintiff cannot establish an Eighth Amendment claim.

On July 23, 2007, the Court granted Defendants' motion to dismiss with leave to amend. The Court ordered that if Plaintiff chooses to file a Second Amended Complaint, it must be filed no later than 30 days from the date of the Order (August 22, 2007). The Order expressly stated: "If Plaintiff fails to timely file a Second Amended Complaint or fails to remedy the deficiencies of his First Amended Complaint as discussed in this Order, the Court may dismiss the action without prejudice for failure to prosecute and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b)."

2

Plaintiff did not file a Second Amended Complaint and did not otherwise respond to the Court's Order dated July 23, 2007.

On September 12, 2007, the Court issued an Order to Show Cause why the complaint should not be dismissed for failure to prosecute and/or failure to comply with a court order. The Order stated that filing a Second Amended Complaint on or before October 12, 2007, shall be deemed compliance with the Order to Show Cause. The Order warned that "[i]f plaintiff does not timely file a Second Amended Complaint or if Plaintiff fails to respond to this Order to Show Cause, the Court will recommend that the action be dismissed without prejudice for plaintiff's failure to prosecute and/or failure to comply with a court order."

To date, Plaintiff has not filed a Second Amended Complaint and has not otherwise responded to the Court's Order to Show Cause.

## II.

## DISCUSSION

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.) (district court may dismiss action for failure to comply with any order of the court), *cert. denied*, 506 U.S. 915 (1992).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. See *In re*

*Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Plaintiff has failed to file a Second Amended Complaint or respond to the Court's Order to Show Cause why this action should not be dismissed for failure to prosecute and/or failure to comply with a court order. Plaintiff's conduct hinders the Court's ability to move this case toward disposition, and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor -- prejudice to defendants -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when there is a failure to prosecute diligently. *Eisen*, 31 F.3d at 1452-53. That presumption may be rebutted where a Plaintiff proffers an excuse for delay. Plaintiff has failed to come forward with any excuse or reason for delay.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. It is, however, a Plaintiff's responsibility to move a case towards a disposition at a reasonable pace and to avoid dilatory tactics. *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to file a Second Amended Complaint or respond to orders of the Court.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The Court attempted to avoid dismissal by reminding Plaintiff of his obligation to file a Second Amended Complaint. Moreover, the Court expressly warned plaintiff that failure to comply may result in a recommendation that the case be dismissed. Despite these warnings, Plaintiff has failed to fulfill his obligations.

Taking all of the above factors into account, dismissal for failure to prosecute is appropriate. In this case, Plaintiff has been cautioned twice about the possibility of

dismissal in the Court's Orders dated July 23, 2007, and September 12, 2007, and will be afforded further notice by service of this Report and Recommendation.

Accordingly, it is recommended that plaintiff's action be dismissed without prejudice for failure to prosecute.

## III.

## RECOMMENDATION

For the reasons discussed above, it is recommended that the District Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that judgment be entered dismissing this action without prejudice for failure to prosecute.

DATED: October 29, 2007

ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.